**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Dupris, et al. | NO. 08-8132-PCT-PGR |
| Plaintiffs | 08-8133-PCT-PGR (CONSOLIDATED) |
| v. | **ORDER** |
| Selanhongva McDonald, et al., | |
| Defendants. | |

Currently before the Court are Plaintiffs' Motion to Amend Complaint (Doc. 96) and Motion to File Exhibits Under Seal (Doc. 97).[1] Plaintiffs seek leave to file a fourth amended complaint. In response to Plaintiffs' previous motion seeking leave to file a *third* amended complaint, the Court granted leave to amend with the express caveat that it would be the last opportunity for Plaintiffs to amend their complaint. (*See* Doc. 66.) In the pending motion, Plaintiffs request leave to amend specifically for the purpose of substituting Special Agents Michael McCoy and Warren Youngman, in lieu of named Defendant Selanhongva McDonald, as the agents in charge of the underlying investigation. They do not seek to amend the specific substantive allegations.

Defendants contend that the motion should be denied because the Court previously advised that it would not grant Plaintiffs any further leave to amend, the applicable statute

---

[1] Plaintiff seeks leave to file under seal Plaintiffs' Exhibits 14–16 to Plaintiffs' Proposed Fourth Amended Complaint. The relevant documents are attached to Plaintiffs' Motion to Amend (Doc. 96) as Exhibit A.

of limitations has expired, equitable tolling does not apply, and the claims do not relate back under Fed.R.Civ.P. 15(c).

Defendants argue that Plaintiffs were aware of Youngman's and McCoy's participation in the underlying case and thus should have previously named them as Defendants. According to Plaintiffs, however, it was not until July 16, 2010, that Defendants produced for the first time "what appears to be a relatively complete set of the investigation report and background materials for the Bureau of Indian Affairs' Operation Mountain Line Task Force." Plaintiffs maintain that it was only at *that time* and based on *those documents* that they were able to discover that McCoy was incident commander and Youngman was the second-in-command and a possible Task Force decision-maker.

The Court's Order stating that Plaintiffs would not be permitted to file any further amended complaints focused on the heightened pleading standards established by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. --, (2009). The Order was based on the record existing at that time and addressed substantive amendments proposed to cure deficiencies related to the heightened pleading requirements. The pending motion is based upon information that, according to Plaintiffs, is newly acquired and establishes that McDonald was not the final decision-maker with respect to arresting and prosecuting Mr. Dupris and Mr. Reed. Rather, the newly acquired information establishes that these decisions were made by agents McCoy and Youngman.[2] Thus, the Court's previous Order does not pertain to the distinct matter at hand.

Despite having been filed in 2008, this suit is still in its early stages, as evidenced by the recent commencement of discovery. Upon learning of the new evidence establishing a basis for a claim of wrongful conduct against McCoy and Youngman, Plaintiffs promptly

---

[2] Plaintiffs do not allege that they were unaware of McCoy and Youngman's association with the case. Instead, they contend that until they received the documents in July, they were unaware of the *extent* of the agents' participation, including their decision-making authority in the case. Plaintiffs' argument is supported by the presence of McDonald as Defendant in the role of decision-making authority.

- 2 -

1 sought leave to amend their hird Amended Complaint. Thus, the Court agrees with Plaintiffs
2 that in the pending matter, justice requires application of the rule of liberal amendments. *See*
3 *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1482 (9th Cir. 1997).
4     Under any circumstances the Defendants are entitled to test the sufficiency of any
5 amended complaint.
6     Accordingly,
7     IT IS HEREBY ORDERED GRANTING Plaintiffs' Motion to Amend their
8 Complaint substituting McCoy and Youngman in lieu of named Defendant McDonald for
9 purposes of Plaintiffs' *Bivens* claims. (Doc. 96.)
10     IT IS FURTHER ORDERED that all *Bivens* claims against Defendant McDonald are
11 DISMISSED.
12     IT IS FURTHER ORDERED that pursuant to the confidentiality agreement,
13 Plaintiffs' Motion to Seal Exhibits 14–16 of the Fourth Amended Complaint is GRANTED.
14 (Doc. 97.)
15     DATED this 26th day of January, 2011.

Paul G. Rosenblatt
United States District Judge

- 3 -