**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jesse Dupris, et al. | NO. 08-8132-PCT-PGR |
| Plaintiffs | 08-8133-PCT-PGR (CONSOLIDATED) |
| v. | **ORDER** |
| Selanhongva McDonald, et al., | |
| Defendants. | |

Before the Court is the Motion to Dismiss Plaintiffs' Fourth Amended Complaint, filed by Defendants McCoy and Youngman ("McCoy and Youngman" or "Defendants"). (Doc. 145). Plaintiffs filed a response to the motion and Defendants filed a reply. (Docs. 153, 155.)

In the Fourth Amended Complaint, Plaintiffs Jesse Dupris and Jeremy Reed sue two tribal police officers and six Bureau of Indian Affairs (BIA) agents, including McCoy and Youngman, in their individual capacities for civil rights violations under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b)(1) and 2671–2680. The *Bivens* claims allege that Plaintiffs' Fourth and Fifth Amendment rights were violated when they suffered wrongful arrest and malicious prosecution in connection with a series of rapes on the White Mountain Apache Indian Reservation. (Doc. 126.)

McCoy and Youngman move to dismiss the claims pursuant to Fed. R. Civ. P. 12(b)(6). They argue that the claims are barred by the statute of limitations. For the reasons set forth below, the motion is granted.

## BACKGROUND[1]

Plaintiffs each filed complaints on October 20, 2008. The original complaints asserted only *Bivens* claims against individual capacity defendants. Prior to service, each Plaintiff amended his complaint to add claims against the United States under the FTCA. On February 10, 2009, the Court granted the United States' Motion to Consolidate the actions. (Doc. 15.) In April 2009, the United States and the individual defendants filed motions to dismiss. (Docs. 18, 19.) On January 13, 2010, the Court granted the individual defendants' motion to dismiss but granted Plaintiffs leave to amend. (Doc. 48 at 8–11.) In doing so, however, the Court rejected Plaintiffs' claim that they suffered from an "informational disadvantage." (*Id.* at 2.)

On February 19, 2010, Plaintiffs filed a consolidated Second Amended Complaint. (Doc. 49.) The individual defendants and the United States moved to dismiss the complaint. (Docs. 50, 51.) On April 21, 2010, Plaintiffs filed a motion seeking to amend their complaint a third time. (Doc. 62.) The Court granted the motion with the caveat "Plaintiffs are advised that **this will be the last opportunity to amend their complaint**. The Court will not grant any further motions to amend the complaint." (Doc. 66 at 1.) The Court also denied without prejudice the motions to dismiss the Second Amended Complaint. (*Id.* at 2.) Plaintiffs filed their Third Amended Complaint on May 6, 2010. (Doc. 67.)

On October 15, 2010, Plaintiffs sought leave to amend their complaint a fourth time to add Defendants McCoy and Youngman. (Doc. 96.) Defendants opposed, arguing, in part, that amendment was futile because the applicable statute of limitations as to McCoy and Youngman had expired and the claims did not "relate back" under Rule 15(c). (Doc. 103 at 2, 10–13.) On January 26, 2011, the Court granted Plaintiffs' Motion to Amend, finding that "justice requires application of the rule of liberal amendments." (Doc. 121 at 3.) The Fourth Amended Complaint was filed on February 11, 2011. (Doc. 126.)

---

[1] In previous orders the Court discussed the factual background surrounding Plaintiffs' claims. (*See* Doc. 48 at 2–5.)

**ANALYSIS**

Plaintiffs oppose Defendants' motion to dismiss on two grounds. First, they contend that the Court's order allowing the complaint to be amended a fourth time establishes the "law of the case," thereby prohibiting McCoy and Youngman from raising their statute of limitations argument. Second, Plaintiffs argue that under the "discovery rule" their claims did not accrue until June 16, 2010, when they learned of Defendants' specific roles in the investigations, and therefore the claims fall within the statute of limitations.[2] (Doc. 153 at 6–8.)

A statute-of-limitations defense may be raised in a motion to dismiss if "the running of the statute is apparent from the face of the complaint." *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, 483 n.1 (9th Cir. 1987) (citing *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)). Dismissal for a statute of limitations violation may be granted under Rule 12(b)(6) "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999) (citation omitted) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

In a *Bivens* action, the applicable statute of limitations is the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 266 (1985); *Vaughan v. Grijalva*, 927 F.2d 476, 478 (9th Cir. 1991). The Arizona statute of limitations for personal injury actions is two years. *See* Ariz.Rev.Stat. § 12-542(1); *Vaughan*, 927 F.2d at 478.

"A claim generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." *Cabrera v. City of Huntington Park*, 159 F.3d 374, 379 (9th Cir. 1998). Defendants argue that Plaintiffs' false arrest claims accrued the day they were arrested, October 20, 2006, and the malicious prosecution claims accrued when the charges were dismissed with prejudice. For Dupris, that date was February 20, 2007; for Reed, April

---

[2] Plaintiffs do not contend that they were permitted to amend the complaint to add new defendants under the "relation back" doctrine of Fed. R. Civ. P. Rule 15(c). (*See* Doc. 153 at 7.)

- 3 -

1  27, 2007. Therefore, according to Defendants, Plaintiffs' false arrest claims expired on
2  October 20, 2008 (the date the initial complaints were filed), and the malicious prosecution
3  claims expired on February 20 and April 27, 2009. Defendants contend "there is no evidence
4  which Plaintiffs can present to demonstrate that the statute of limitations was tolled and did
5  not expire." (Doc. 145 at 5.)

*Law of the case doctrine*

Plaintiffs assert that the law of the case doctrine applies to Defendants' motion to dismiss because in the order granting Plaintiffs' motion to file a Fourth Amended Complaint, the Court necessarily rejected a statute of limitations argument. The Court disagrees.

Under the law of the case doctrine, "a court is generally precluded from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case." *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993). The doctrine is not a limitation on a tribunal's power, however, but a guide to discretion. *Arizona v. California*, 460 U.S. 605, 618 (1983); *see Hanna Boys Center v. Miller*, 853 F.2d 682, 686 (9th Cir. 1988) (law of the case doctrine is "not an inexorable command"). A court may depart from the law of the case where the first decision was clearly erroneous, an intervening change in the law has occurred, the evidence on remand is substantially different, other changed circumstances exist, or a manifest injustice would otherwise result. *Thomas v. Bible*, 983 F.2d at 155.

Moreover, the law of the case doctrine is "wholly inapposite" to circumstances where a district court seeks to reconsider an order over which it has not been divested of jurisdiction. *United States v. Smith*, 389 F.3d 944, 948–49 (9th Cir. 2004). Thus, "[a]ll rulings of a trial court are subject to revision at any time before the entry of judgment." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 888–89 (9th Cir. 2001).

Plaintiffs' argument for filing a Fourth Amended Complaint was based on the assertion that:

> On July 16, 2010, Defendants produced *for the very first time* what appears to be a relatively complete set of the investigation report and background materials for the Bureau of Indian Affairs' Operation Mountain Line Task Force. In these documents, Plaintiffs discovered *for the very first time* that the

- 4 -

> Task Force's incident commander was Special Agent Michael McCoy, and that the second-in-command, and also a possible Task Force decision-maker, was Special Agent Gerald Youngman. In fact, Gerald Youngman *is not mentioned once* in any of the documents that Plaintiffs were able to obtain prior to discovery in this matter, and Michael McCoy was *only* mentioned in connection with his participation in an interview of one of the victims.

(Doc. 96 at 2.)

Plaintiffs next argued that while federal law determines the accrual date in a civil rights action, "federal law permits the borrowing of state law to determine when a claim accrues. Arizona law in this regard is clear that a claim does not accrue against a particular defendant until the plaintiff is aware of not only the nature of the injury, but that defendant's role in causing the injury." (*Id.*) For this proposition, Plaintiffs cited *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d 990, 996 (2002).

In their opposition to Plaintiffs' motion to file a Fourth Amended Complaint, Defendants, citing the factors set forth in *Johnson v. Buckley*, 356 F.3d 1067 (9th Cir. 2004), argued that the motion was filed with bad faith and undue delay, that the complaint had previously been amended, that amendment would be futile, and that Defendants would suffer undue prejudice. (Doc. 103.) With respect to the futility argument, Defendants contended that the *Bivens* claims against them were barred by the statute of limitations. (*Id.* at 9–13.)

In its order granting Plaintiffs' motion, the Court noted that "[u]pon learning of the new evidence establishing a basis for a claim of wrongful conduct against McCoy and Youngman, Plaintiffs promptly sought leave to amend their Third Amended Complaint. Thus, the Court agrees with Plaintiffs that in the pending matter, justice requires application of the rule of liberal amendments." (Doc. 121 at 2–3.) Crucially, however, the Court also explained that "[u]nder any circumstances the Defendants are entitled to test the sufficiency of any amended complaint." (Doc. 121 at 3.)

As this statement indicates, the Court's decision to grant Plaintiffs' motion under the rule of liberal amendment did not constitute a ruling on the parties' arguments concerning timeliness. To deny McCoy and Youngman the opportunity to challenge the complaint based on the statute of limitations would be contrary to the Court's order and would result in a

- 5 -

1  "manifest injustice" to Defendants. To the extent the order granting Plaintiffs' motion to file
2  a Fourth Amended Complaint constitutes a ruling on the timeliness issue, the Court exercises
3  its authority to revise that ruling.

4      *Discovery doctrine*

5      As noted, Plaintiffs contend that the action accrued on July 16, 2010, "when the
6  Government finally responded to Plaintiffs' document requests." (Doc. 153 at 1–2.) Before
7  that date, according to Plaintiffs, they "did not know, nor could they have known, the
8  relationship between their arrests and the conduct of Agents Youngman and McCoy." (*Id.*)
9  Plaintiffs contend that prior to the disclosure their "sole knowledge" of Defendants' roles in
10 the investigation was that McCoy interviewed one of the victims and Youngman made
11 statements about the investigation to the media. (*Id.* at 5.)

12     In reply, Defendants assert (1) that the claims accrued when Plaintiffs were aware of
13 the injuries that are the basis of this suit and (2) that long before the filing of the Fourth
14 Amended Complaint, Plaintiffs were aware of the identity of McCoy and Youngman even
15 if they were, as they claim, unaware of the extent of the agents' participation in the
16 investigation. Both arguments are persuasive.

17     First, contrary to Plaintiffs' argument, under federal law a claim accrues when a
18 plaintiff knows or has reason to know of the injury which is the basis of his action. *Cabrera*
19 *v. City of Huntington Park*, 159 F.3d at 379; *see TwoRivers*, 174 F.3d at 992. As already
20 discussed, Plaintiffs knew of their injuries, and thus the claims accrued, at the time Plaintiffs
21 were arrested and when the charges were dismissed with prejudice.  These dates precede the
22 filing of the Fourth Amended Complaint by more than two years.

23     Plaintiffs' again rely on an Arizona case, *Walk v. Ring*, 202 Ariz. 310, 316, 44 P.3d
24 990, to support their argument that a cause of action does not accrue until the plaintiff has
25 "reason to connect the 'what' to a particular 'who.'" (Doc. 153 at 1, 9–10.) Plaintiffs are
26 mistaken. Under relevant federal precedent, a claim can accrue before the plaintiff knows the
27 identity of the federal defendant. *See Hensley v. United States*, 531 F.3d 1052, 1056 (9th Cir.
28

- 6 -

1  2008) ("accrual does not await a plaintiff's awareness, whether actual or constructive, of the
2  government's negligence") (citing *United States v. Kubrick,* 444 U.S. 111, 125 (1979));
3  *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986) (FTCA claim accrued when
4  plaintiffs learned of property destruction caused by fire, and not later when plaintiffs
5  allegedly discovered that FBI agents had hatched plot to burn garage); *Dyniewicz v. United*
6  *States*, 742 F.2d 484, 486–87 (9th Cir. 1984) (finding that claim accrued when the plaintiffs
7  "knew both the fact of injury and its immediate physical cause" and that "ignorance of the
8  involvement of United States employees is irrelevant" to determining when the claim
9  accrued).

10  Moreover, as Defendants note, the record shows that more than two years prior to the
11  filing of the Fourth Amended Complaint, Plaintiffs were aware that McCoy and Youngman
12  were involved in the investigation. On February 29, 2008, Dupris filed his FTCA Notice of
13  Claim, attached to which was a memorandum concerning an interview with a victim
14  conducted by Agent McCoy. (Doc. 145 at 7; Ex. 1.) On March 6, 2008, Plaintiff Reed filed
15  his Notice, which included information identifying Youngman as a spokesman for the BIA.
16  (*Id.*)

17  In addition, the parties' initial Rule 26(a) disclosures, exchanged in June 2009,
18  identified Defendants. Plaintiffs' witness disclosure statement, dated June 18, 2009, listed
19  both McCoy and Youngman as BIA special agents who were "part of the team investigating
20  serial rapes on the White Mountain Apache Tribal Reservation," further noting that McCoy
21  "appears to have participated in an interview of [one of the victims]." (Doc. 103, Ex. 2.) In
22  their Second and Third Amended Complaints, filed February 12 and May 6, 2010, Plaintiffs
23  enumerated activities undertaken by McCoy and Youngman during the investigation. (Doc.
24  49, ¶ 36; Doc. 49, ¶¶ 48, 86.) Despite this information, Plaintiffs delayed naming Defendants
25  "until they had sufficient evidence of conduct upon which they could base claims of
26  wrongful conduct." (Doc. 96 at 1.)

27  Given these circumstances, Plaintiffs' argument about the date of accrual would fail
28

- 7 -

even under state law because by the time Plaintiffs' filed their FTCA Notices, they knew or with reasonable diligence could have known sufficient facts about McCoy and Youngman to trigger accrual. *See Arce-Mendez v. Eagle Produce Partnership Inc.*, No. CV-05-3857-PHX-JAT, 2008 WL 659812, *8 (D.Ariz. March 6, 2008) ("Plaintiffs' position seems to be that a claim does not accrue until one knows *the full extent* of one's injury. This, however, is not the test. A plaintiff 'need not know *all* the facts underlying a cause of action to trigger accrual . . .'") (quoting *Doe v. Roe*, 191 Ariz. 313, 323, 955 P.2d 951, 961 (1998)).

**CONCLUSION**

The law of the case doctrine does not foreclose Defendants' statute of limitations argument. Plaintiffs' false arrest and malicious prosecution claims accrued when Plaintiffs became aware of their injuries; that is, on the date of their arrest (October 20, 2006) and on the date the charges were dismissed (February 20, 2007, for Dupris, and April 27, 2007, for Reed). The applicable statue of limitations is two years. Plaintiffs' Fourth Amended Complaint, naming McCoy and Youngman, was filed on February 11, 2011, more than two years after the dates the claims accrued. Based on these facts, the running of the statute is apparent from the face of the complaint and dismissal is appropriate under Rule 12(b)(6).

Accordingly,

**IT IS HEREBY ORDERED** granting Defendants' Motion to Dismiss (Doc. 145). The Complaint against McCoy and Youngman is dismissed with prejudice.

DATED this 27th day of June, 2011.

Paul G. Rosenblatt
United States District Judge